**Affirmed and Memorandum Opinion filed January 8, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00934-CR

## KENTRICK TAMARKUS JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 12CR1099**

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, appellant Kentrick Tamarkus Jones entered a plea of "guilty" to attempted aggravated assault with a deadly weapon. The trial court deferred adjudicating guilt and placed appellant on community supervision for a period of five years. Subsequently, the State filed a motion to adjudicate guilt. A hearing was held and appellant pled "true" to all of the State's allegations. The trial court found all allegations to be true, adjudicated appellant's guilt, and

sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for eight years. Appellant filed a timely notice of appeal. In his sole issue on appeal, appellant asserts he received ineffective assistance of counsel at the hearing on the motion to adjudicate. We affirm.

## STANDARD OF REVIEW

To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984); *see Hernandez v. State,* 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland,* 466 U.S. at 689; *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, an appellant's claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Thompson,* 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State,* 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson,* 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

## ANALYSIS

The complainant in the underlying offense was appellant's wife, Gaylin Jones. The indictment to which appellant pled "guilty" alleged that he "[threw] gasoline on the said Gaylin Jones and attempted to use a lighter to ignite the gasoline, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended." Attached to appellant's appellate brief is an affidavit of nonprosecution signed by Gaylin Jones and a handwritten statement by Anthony Phillips, a neighbor of the Joneses. Appellant asserts trial counsel was ineffective for failing to seek admission of these documents into evidence at the hearing. He also asserts trial counsel's failure to have these witnesses testify constituted ineffective assistance.

The affidavit and the handwritten statement are not part of the record on appeal and therefore cannot be considered. As to counsel's failure to call Phillips or Gaylin Jones to testify, the record is silent regarding counsel's strategy. Thus, we cannot hold counsel's performance deficient unless it was so outrageous that no competent attorney would have engaged in it. *Goodspeed,* 187 S.W.3d at 392. Appellant's argument assumes the testimony of these individuals would have been consistent with their written statements, but we cannot speculate as to what their testimony would have been. On this record, we cannot say that counsel's alleged acts or omissions fall outside the wide range of reasonable professional behavior.

Accordingly, we conclude that appellant has failed to satisfy the first *Strickland* prong.

We therefore overrule appellant's sole issue and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).